# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, by and through her next friend, Julie Roe,<br><br>Plaintiff,<br><br>v.<br><br>NORTH PENN SCHOOL DISTRICT,<br><br>Defendant. | Civil Action No. 2:20 CV 05142 |

## ORDER

Upon consideration of Plaintiff's Motion to Proceed Under Pseudonyms, supporting Memorandum of Law, any opposition, and the entire record herein, and for good cause shown, it is hereby:

ORDERED that the Motion is GRANTED and that Plaintiff shall solely be identified as Jane Doe, and her next friend as Julie Roe, in the Complaint, pleadings, and all filings on the public docket in this Court.

_____          _____
Date                                                          United States District Judge

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, by and through her next friend, Julie Roe, <br><br> Plaintiff, <br><br> v. <br><br> NORTH PENN SCHOOL DISTRICT, <br><br> Defendant. | Civil Action No. 2:20 CV 05142 |

### PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYMS

Plaintiff Jane Doe, by her next friend Julie Roe, hereby moves for an Order allowing her and Julie Roe to proceed under pseudonyms in this case, pursuant to *Doe v. Megless*, 654 F.3d 404 (3d Cir. 2011). The grounds for this Motion are explained in detail in Ms. Doe's Memorandum in Support of Motion to Proceed Under Pseudonyms. In support of this Motion, Plaintiff states:

1. Ms. Doe is a minor who was sexually assaulted at school by a classmate over twenty times while she was a student in the North Penn School District.

2. Ms. Doe's reasonable fear of severe harm outweighs the general public interest in open judicial proceedings.

3. The factors the Third Circuit views as supporting the use of a pseudonym weigh in Ms. Doe's favor because (1) she has kept the matter confidential; (2) her fear of disclosure is substantial and well-founded; (3) the public has a compelling interest in allowing Ms. Doe, as a victim of sexual assault, to use a pseudonym; (4) there is an atypically weak public interest in knowing Ms. Doe's particular identity; (5) if forced to disclose her

2

identity, Ms. Doe would likely withdraw this suit; and (6) Ms. Doe has no ulterior motives in seeking to proceed under a pseudonym. *See Megless*, 654 F.3d at 409.

4. The factors that support allowing Jane Doe and her next friend to use pseudonyms greatly outweigh any factors that disfavor it. *See id.*

WHEREFORE, Plaintiff Jane Doe respectfully requests that the Court grant her Motion to Proceed Under Pseudonyms.

Date: October 15, 2020

By: s/ Laura E. Laughlin
Laura E. Laughlin (311896)
FREIWALD LAW
1500 Walnut Street
18th Floor
Philadelphia, PA 19102
Tel (215) 875-8000
Fax (215) 875-8575
lel@freiwaldlaw.com

Adele P. Kimmel*
Alexandra Z. Brodsky*
Adrienne Spiegel*
PUBLIC JUSTICE
1620 L Street, NW
Suite 630
Washington, DC 20036
Tel (202) 797-8600
Fax (202) 232-7203
akimmel@publicjustice.net
abrodsky@publicjustice.net
aspiegel@publicjustice.net

Monica H. Beck (P78555)
THE FIERBERG NATIONAL LAW GROUP, PLLC
161 East Front Street, Suite 200
Traverse City, MI 49684
Tel (231) 933-0180
Fax (231) 252-8100
mbeck@tfnlgroup.com

**pro hac vice* motions to be filed

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, by and through her next friend, Julie Roe, <br><br> Plaintiff, <br><br> v. <br><br> NORTH PENN SCHOOL DISTRICT, <br><br> Defendant. | Civil Action No. 2:20 CV 05142 |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO PROCEED UNDER PSEUDONYMS

Plaintiff Jane Doe, by her next friend Julie Roe, respectfully requests that this Court issue an Order allowing her and Ms. Roe to proceed under pseudonyms in this case.

## PRELIMINARY STATEMENT

Jane Doe was sexually assaulted at school over twenty times by "MP,"[1] a classmate with a known history of sexual predation, while she was a student in the North Penn School District ("the District"). The first series of repeated sexual assaults occurred when Ms. Doe was in sixth grade at Gwynedd Square Elementary School ("Gwynedd"). In October 2014, two Gwynedd teachers witnessed MP sexually assault Ms. Doe. However, the teachers did not report this to school administrators or Ms. Doe's parents, and they took no steps to ensure Ms. Doe could attend school safely. Predictably, MP continued to sexually assault Ms. Doe at Gwynedd. In April 2015, another female student reported to the District that MP had sexually assaulted her, Ms. Doe, and at least three other girls. Only then did Ms. Doe speak up about the assaults. By

---

[1] For purposes of this Motion, the then-minor male perpetrator is referred to as "MP," which does not reveal his true initials, in compliance Fed. R. Civ. P. 5.2(a), requiring the protection of a minor person's identity in public court filings.

4

that point, MP had sexually assaulted Ms. Doe at school more than ten times—sometimes touching her breasts, sometimes touching her vagina, and sometimes digitally penetrating her vagina. Despite its actual notice of these assaults and the significant danger MP posed to Ms. Doe and her classmates, the District did not take any meaningful action to stop MP from further victimizing Ms. Doe and other students.

In the fall of 2015, instead of attending her neighborhood middle school, Ms. Doe transferred schools to avoid sharing a building with MP. She sacrificed educational opportunities and social ties because she and her family had no faith that the District would protect Ms. Doe from MP so long as they shared a school. She was right. A few years later, when Ms. Doe and MP enrolled in the same District high school, the District made it easy for MP to sexually assault Ms. Doe at least ten more times. Despite meeting with Ms. Doe and her parents and agreeing to keep MP separated from Ms. Doe at school, the District placed MP and Ms. Doe in the same social studies class and assigned them seats next to one another. MP then repeatedly sexually assaulted Ms. Doe at school for more than a month. As he had before, he touched Ms. Doe's breasts, touched her vagina, and digitally penetrated her vagina. Eventually, as a result of this abuse and officials' indifference, Ms. Doe left the District altogether. She is now a high school senior being home-schooled.

The repeated incidents of sexual assault at school, and the District's failure to protect her, traumatized Ms. Doe and caused painful flashbacks to sexual abuse by a neighbor when she was five years old—abuse the District knew about long before MP first sexually assaulted Ms. Doe in sixth grade, and which heightened Ms. Doe's risk for being sexually victimized again. Ms. Doe suffers from substantial anxiety and has engaged in self-harming behavior, including cutting. She has lacked a stable educational environment since the fall of 2014, when MP began sexually

assaulting her at school. She also has no solid group of friends and, understandably, distrusts teachers and school officials.

Ms. Doe has filed a Complaint against the District, alleging violations of her rights under Title IX of the Education Amendments of 1972 and her constitutional rights under the Fourteenth Amendment. As a result of the harm Ms. Doe has already endured, and the mental health conditions that continue to plague her, Ms. Doe reasonably fears she would suffer severe harm if forced to publicly identify herself in these proceedings. She has a reasonable fear that public revelation of her identity in connection with this case would exacerbate her trauma and anxiety and impede her ability to seek justice. No countervailing public interest favors forced disclosure.

## ARGUMENT

"Federal courts have long approved the practice of pseudonymous litigation" in certain cases, despite the general requirement that a complaint name all parties. *Doe v. Provident Life & Acc. Ins. Co.*, 176 F.R.D. 464, 466 (E.D. Pa. 1997); Fed. R. Civ. P. 10(a). Cases involving sex or sexuality typically allow the use of a pseudonym. *See Provident Life*, 176 F.R.D. at 464 (listing cases involving birth control, abortion, homosexuality, transsexuality). A plaintiff must first show she has a reasonable fear that severe harm would result if she were forced to publicly identify herself. *See Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011). The court then considers six factors that support the use of a pseudonym:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Id.* at 409 (quoting *Provident Life*, 176 F.R.D. at 467). In this case, all the factors weigh heavily in favor of allowing Ms. Doe to use a pseudonym.

### I. All Six Factors Weigh In Favor Of Allowing Ms. Doe To Proceed Under A Pseudonym.

#### 1. Ms. Doe Has Revealed The Events At Issue To Very Few People, And Her Identity Remains Confidential.

Ms. Doe has been discrete. She has not disclosed her identity to any individual or group beyond those to whom disclosure was necessary to care for her personal health and to stop the harassment. "Courts have found that a litigant has made substantial efforts to maintain anonymity where that litigant has limited his disclosure of the sensitive information to few other people." *Doe v. Princeton Univ.*, No. CV 19-7853 (BRM), 2019 WL 5587327, at *3 (D.N.J. Oct. 30, 2019). Where a plaintiff has disclosed what happened only to members of her immediate family and medical professionals, this factor weighs in favor of allowing a pseudonym. *See Provident Life*, 176 F.R.D. at 468 (plaintiff had "only revealed to his immediate family, medical providers and his counsel" that he suffered from disabling mental illnesses); *Doe v. Evans*, 202 F.R.D. 173, 176 (E.D. Pa. 2001) (plaintiff had taken steps to protect her confidentiality and "some of [her] own close family and friends [we]re not aware" she had been sexually assaulted).

Similar to the facts in cases allowing pseudonyms above, here, Ms. Doe has only disclosed the events giving rise to this case to her close family members (her sister and her parents), a psychologist, law enforcement officials, and the school officials responsible for protecting her well-being while on school grounds. The fact that Ms. Doe reported the incidents to school authorities does not reflect a lack of interest in confidentiality; to the extent her complaints were recorded at all, her school records are kept confidential by federal and state privacy laws. Moreover, such disclosure was a necessary step for her to obtain relief from the District. Ms. Doe's efforts to preserve confidentiality support the use of a pseudonym here.

7

### 2. Ms. Doe Has A Substantial, Well-Founded Fear That Public Disclosure Of Her Identity In Connection With This Case Would Exacerbate Her Stigma, Humiliation, And Emotional Distress.

A sexual assault victim's "fear of increased embarrassment, humiliation, and emotional distress should her friends and business associates learn of the[] events is well-founded." *Evans*, 202 F.R.D. at 176. Ms. Doe already suffers from emotional distress. The District subjected Ms. Doe to repeated sexual assaults by failing to take appropriate steps to protect her from an assailant with a known history of predation. The District failed to protect Ms. Doe even after two teachers witnessed MP sexually assaulting her during class in sixth grade. The District again failed to protect her in tenth grade, reneging on its promise to keep MP away from Ms. Doe and, instead, seating them next to one another in a social studies class. Despite the District's betrayal of its promise to keep Ms. Doe safe, and despite the repeated sexual assaults she endured for the first month of tenth grade, Ms. Doe was so fearful of humiliation and social stigma by her assailant—a popular student and football star—that she hesitated to report to the District that she was once again being sexually assaulted at school. Today Ms. Doe continues to suffer from emotional disturbance and anxiety, and she engages in physical self-harm. Based on Ms. Doe's history, her fear that public disclosure of her identity would exacerbate these conditions is well-founded.

Ms. Doe's fear of public disclosure is also substantial. In *Doe v. Trishul Consultancy, LLC*, No. CV1816468FLWZNQ, 2019 WL 4750078, at *4 (D.N.J. Sept. 30, 2019), the plaintiff "alleged that she suffered 'severe anxiety and emotional distress each day going into work fearing that [the perpetrator] would attack and/or fire her[,]' and that she suffered an 'emotional breakdown' . . . which precipitated her reports to [her employer]." *Id.* This substantiated the plaintiff's fear of disclosure because it showed "the potential for severe harm that exceeds mere embarrassment." *Id.*

Ms. Doe has experienced this type of anxiety and distress, too. In sixth grade, MP's repeated sexual assaults caused Ms. Doe trauma and painful flashbacks to the abuse she suffered as a five-year-old. Later, in ninth grade, Ms. Doe returned home from school suffering a panic attack because she had seen her assailant in the hallway. The harm Ms. Doe feared then, and continues to fear today, far exceeds simple embarrassment. One court has found a plaintiff's "alleged victim status" alone tips this factor in the plaintiff's favor. *Princeton Univ.*, 2019 WL 5587327, at *4. Such a rule clearly covers Ms. Doe. Even in the absence of a categorical rule, Ms. Doe's particular fear of increased stigma and humiliation and exacerbated mental health is substantial.

Ms. Doe's next friend, Julie Roe, similarly seeks to use a pseudonym to protect Ms. Doe's identity; exposing Ms. Roe would expose Ms. Doe. To guard against related concerns, Doe will identify non-party students, who are or were minors, by pseudonyms to protect their identities and any subsequent harm. Allowing Ms. Doe to proceed under a pseudonym would protect the privacy of a young victim, and would permit her the opportunity to heal and to pursue her claims without forever having her name attached to the abuse she has suffered.

### 3. The Public Has A Compelling Interest In Allowing Victims Of Sexual Harassment To Maintain Confidentiality So They Can Seek Justice Without Fear And So Other Victims Will Not Be Deterred From Reporting.

Allowing Ms. Doe to proceed confidentially promotes the public interest. First,"[t]here is a recognized public interest in ensuring that victims of sexual assault can vindicate their claims and that the fear of public humiliation does not discourage these plaintiffs." *Trishul Consultancy*, 2019 WL 4750078, at *5. This interest is stronger still where the victim is a minor. *See Doe v. Old Forge Borough*, No. 3:12-CV-2236, 2015 WL 4079362, at *15 (M.D. Pa. July 1, 2015) (noting "the public may have a substantial interest in maintaining the confidentiality of a minor

9

plaintiffs [sic] name, particularly in helping to prevent the stigmatization and embarrassment of a child who has been sexually assaulted or abused").[2]

Fear of public humiliation deterred Ms. Doe from reporting the repeated sexual assaults to the District once, and nearly deterred her a second time a few years later. In sixth grade, two teachers witnessed one of the sexual assaults and discouraged her from reporting that and future incidents by saying they would not tell the students' parents if this never happened again. Ms. Doe only spoke of the sexual assaults she experienced after another student reported that MP had sexually assaulted her, Ms. Doe, and others. In tenth grade, it took Ms. Doe a month to summon the courage to report MP's resumption of sexually assaulting her, because she feared bullying, retaliation, and public humiliation. Ms. Doe continues to fear public humiliation and stigmatization today. Allowing Ms. Doe to proceed under a pseudonym would further the public interest in allowing her to vindicate her claims, especially since she was a minor when these events occurred.

Second, "the public has an interest in protecting the identities of sexual assault victims so that *other victims* will feel more comfortable suing to vindicate their rights." *Evans*, 202 F.R.D. at 176 (emphasis added). If Ms. Doe were forced to identify herself, the Court would risk chilling other victims of sexual harassment from coming forward to report their harassment and to prosecute their rights in court. This would defeat the public interest in allowing victims to seek redress, and in holding wrongdoers accountable.

Finally, the "public has an interest in preventing the stigmatization of litigants with mental illnesses." *Provident Life*, 176 F.R.D. at 468. Ms. Doe suffers from anxiety and engages

---

[2] In fact, Rule 5.2 (a)(3) of the Federal Rules of Civil Procedure recognizes the general need to protect the identity of minors by requiring all filings to identify the minor by initials only. Here, the interest in protecting Ms. Doe's identity is even more significant because she is a minor who was a victim of repeated sexual assaults.

in self-harm, and this litigation will likely expose the details of those conditions. The Court should protect Ms. Doe's identity to avoid deterring people with other psychiatric conditions from suing to vindicate their rights. *Id.* Consistent with this goal, "[c]ourts have allowed pseudonyms [in] cases involving . . . mental illness." *Megless*, 654 F.3d at 408 (quoting *Doe v. Borough of Morrisville*, 130 F.R.D. 612, 614 (E.D. Pa.1990). For all of these reasons, the public has a strong interest in allowing Ms. Doe to use a pseudonym in this case.

### 4. There Is No Compelling Public Interest In Knowing The Litigants' Identities.

There is an atypically weak public interest in knowing Ms. Doe's identity. Ms. Doe is a "private citizen seeking to litigate private and highly-sensitive issues, not a public official for whom the public possesses a heightened interest." *Trishul Consultancy*, 2019 WL 4750078, at *5. Moreover, the public's interest in the issue of this case—sex-based harassment in school—is not compromised by keeping Ms. Doe's identity confidential, especially as access to the docket and proceedings will remain open to the public. *See Provident Life*, 176 F.R.D. at 468 ("Doe's use of a pseudonym will not interfere with the public's right or ability to follow the proceedings."); *Evans*, 202 F.R.D. at 176 ("[A]lthough the public certainly has an interest in the issues . . . Doe's complaint raises, protecting her identity will not impede the public's ability to follow the proceedings."); *Freedom From Religion Found., Inc. v. Connellsville Area Sch. Dist.*, No. 2:12-CV-1406, 2013 WL 2296075, at *3 (W.D. Pa. May 24, 2013) ("[T]he issue in this case does not turn on the identity of the Plaintiff, and the Court presently does not see how denying Plaintiffs' request will interfere with the public's right to follow the proceedings, which will be kept open to the public while maintaining the confidentiality of the Does' identities."). The Court can thus preserve the public's ability to follow the important interests at stake here, while maintaining Ms. Doe's confidentiality.

### 5. If Forced To Reveal Her Identity, Ms. Doe Would Likely Drop All Claims And Withdraw The Lawsuit.

If Ms. Doe were "denied the opportunity to proceed using a pseudonym," she would "sacrifice a potentially valid claim simply to preserve [her] anonymity." *Megless*, 654 F.3d at 410. This stymies the public interest in holding public institutions accountable. *Cf. id.* ("[T]he public is harmed when alleged abuses of power by public officials go unchallenged because plaintiffs fear litigating publicly.") Because of the serious harm Ms. Doe fears would result from disclosure, including stigma and worsened mental health, she likely would not proceed with this suit if she could not do so under a pseudonym. The District would get off scot free. As in *Megless*, *Provident Life*, and *Evans*, this factor weighs in favor of allowing Ms. Doe to use a pseudonym.

### 6. Ms. Doe Has No Ulterior Motives In Seeking To Proceed Under A Pseudonym.

Ms. Doe is motivated by a legitimate fear that she would experience serious harm if forced to disclose her identity. She has no untoward motive—indeed no motive at all beyond avoiding further harm. This is legitimate. *See Doe v. Hartford Life & Acc. Ins. Co.*, 237 F.R.D. 545, 550-51 (D.N.J. 2006) (finding factor supported use of pseudonym because "[p]laintiff has no illegal or ulterior motives in keeping his identity confidential, but merely seeks to protect his reputation and not aggravate his medical condition."). Because Ms. Doe has "provided th[e] Court with several valid reasons in support of [her] request to proceed in pseudonym," and there is nothing to suggest any invalid motives, this factor weighs in favor of allowing a pseudonym. *Provident Life*, 176 F. at 469; *Trishul Consultancy*, 2019 WL 4750078, at *5.

## II. No Other Factor Outweighs Ms. Due's Interest In Proceeding Under A Pseudonym.

No factor meaningfully weighs against the use of a pseudonym here. After considering the factors that support the use of a pseudonym, the Court balances them against three factors that may disfavor the use a pseudonym:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Megless*, 654 F.3d at 409. As to the first factor, there is always a general public interest "in favor of open judicial proceedings." *Megless*, 654 F.3d at 411. But the second factor undercuts this where, as here, "a public figure is not involved in th[e] case." *Provident Life*, 176 F.R.D. at 469. In such a case, the public interest in knowing the identities of the litigants is not especially strong, and "it does not outweigh the above-mentioned factors which all tip in favor of plaintiff's use of a pseudonym." *Provident Life*, 176 F.R.D. at 469; *see also, Doe v. Oshrin*, 299 F.R.D. 100, 104-05 (D.N.J. 2014) ("The 'universal level of public interest in access to the identities of litigants' does not without more weigh against anonymity.") (quoting *Megless*, 654 F.3d at 409). Finally, Ms. Doe has no reason to believe there will be any opposition to her proceeding under a pseudonym.

For all these reasons, the factors supporting the use of a pseudonym clearly outweigh any countervailing factors.

## CONCLUSION

The Third Circuit's test, applied to the facts here, strongly supports allowing Ms. Doe and Ms. Roe to proceed under pseudonyms. Plaintiff therefore respectfully requests that this Court enter an Order permitting her and Ms. Roe to proceed by pseudonyms, barring the parties from

filing information containing their non-redacted names or personally identifiable information, and granting to Ms. Doe any and all other relief necessary to allow her and her next friend to proceed under pseudonyms.

Date: October 15, 2020

By: s/ Laura E. Laughlin
Laura E. Laughlin (311896)
FREIWALD LAW
1500 Walnut Street
18th Floor
Philadelphia, PA 19102
Tel (215) 875-8000
Fax (215) 875-8575
lel@freiwaldlaw.com

Adele P. Kimmel*
Alexandra Z. Brodsky*
Adrienne Spiegel*
PUBLIC JUSTICE
1620 L Street, NW
Suite 630
Washington, DC 20036
Tel (202) 797-8600
Fax (202) 232-7203
akimmel@publicjustice.net
abrodsky@publicjustice.net
aspiegel@publicjustice.net

Monica H. Beck*
THE FIERBERG NATIONAL LAW GROUP, PLLC
161 East Front Street, Suite 200
Traverse City, MI 49684
Tel (231) 933-0180
Fax (231) 252-8100
mbeck@tfnlgroup.com

*pro hac vice motions to be filed