UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE,<br>by and through her next friend, Julie Roe,<br>　　　　　　Plaintiff<br><br>　　v.<br><br>NORTH PENN SCHOOL DISTRICT,<br>　　　　　　Defendant | 2:20-CV-05142-ER |

### REPORT OF RULE 26(f) MEETING

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on February 9, 2021 and submit the following report of their meeting for the Court's consideration:

1. **DISCUSSION OF CLAIMS, DEFENSES AND RELEVANT ISSUES**

   A. **Plaintiff's Statement**

   When Plaintiff was in elementary school in Defendant North Penn School District, she was sexually assaulted multiple times by a classmate ("MP"), who the District was aware had a history of sexually assaulting other young girls at school.  One of the sexual assaults was actually witnessed by a teacher and aide, but despite being mandated reporters, they pulled Plaintiff and MP outside of the classroom and told them they would not tell if it did not happen again.  This allowed MP to continue to sexually assault Plaintiff at school.

   Later that school year, other students came forward and told school administrators that they, along with Plaintiff, had been sexually assaulted by MP at school.  The District did not put a safety plan in place to protect Plaintiff from MP.  The District did not inform Plaintiff of her parents of her rights under Title IX such as the ability to implement accommodations or

protections so Plaintiff transferred to a different middle school within the District to avoid MP and remain safe at school.

When Plaintiff was in 9th grade at the middle school, she was approved by the District to take classes part-time at North Montco Technical Career Center. Unbeknownst to Plaintiff, MP had also been approved by the District to take classes part-time at North Montco. While Plaintiff was walking in the hallway at North Montco, she saw MP, which caused Plaintiff to have a panic attack.

Plaintiff had a difficult time academically attending North Montco full-time since some of her classes were online. Therefore, North Montco and Plaintiff decided that she would attend North Penn, the District's high school, full-time in her 10th grade year. Prior to the start of the school year, Plaintiff's parents met with school administrators to come up with a plan to ensure Plaintiff would be safe at North Penn. Part of this plan was that MP would have no contact with Plaintiff and would not be in the same class or in the same hallways at school. Despite this safety plan, Plaintiff and MP were placed into the same Social Studies class and assigned seats next to each other. Plaintiff was afraid to tell teachers or school administrators for fear of bullying and retaliation by MP and his friends.

Inevitably, MP sexually assaulted Plaintiff several more times. Plaintiff mustered up the courage to report the assaults to a high school guidance counselor and a police detective. Those reports were elevated to North Penn's principal. Plaintiff returned to North Montco full-time for the remainder of the 10th grade school year to avoid further contact with MP and to remain safe. However, the District allowed MP to take classes at North Montco part-time as well. Plaintiff did not feel safe due to Defendant District's repeated unfulfilled promises and failures so, after 10th grade, Plaintiff had to be home-schooled.

The District's deliberate indifference to MP's initial and repeated sexual harassment of Plaintiff deprived her of educational opportunities and benefits and caused her severe psychological and physical trauma. To stay safe, Plaintiff's educational career was derailed. She was forced to transfer schools multiple times, sacrifice extracurricular activities and the ability to develop a supportive friend group, and ultimately had to be home-schooled. Defendant's acts and omissions violated Plaintiff's federal civil rights under Title IX and resulted in a hostile educational environment. In addition, the District's failure to have and enforce appropriate policies and procedures, and train its administrators, staff and families, resulted in a violation of Plaintiff's equal protection and Title IX rights under 42 U.S.C. § 1983.

**B. Defendant's Statement**

The Plaintiffs are alleging violations of the Federal Title IX of the Education Amendments of 1972, 20 U.S.C. A. §1681 et seq. against the Defendant School District as well as violations under 42 U.S.C. § 1983. The Defendant, North Penn School District denies all allegations of liability and damages at this time.

**2. INFORMAL DISCLOSURES**

Plaintiff anticipates submitting her Initial Disclosures in advance of the Pretrial Conference on February 12, 2021.

Defendant will submit its Initial Disclosures at or within 14 days of the Rule 26(f) Conference on February 12, 2021 as required.

**3. FORMAL DISCOVERY**

The parties estimate that they will need eight (8) months to complete discovery. The parties have not yet served formal discovery requests upon each other.

**4. ELECTRONIC DISCOVERY**

E-discovery is not expected to be an issue in this matter.

5. **EXPERT WITNESS DISCLOSURES**

After the close of fact discovery, the parties request 30 days for disclosure of Plaintiff's expert report(s) and 45 days thereafter for the disclosure of Defendant's expert report(s). Depositions will be needed for both sets of experts.

6. **EARLY SETTLEMENT OR RESOLUTION**

The parties believe that ARD or settlement negotiations would be productive at the end of fact discovery. The parties will inform the Court if the parties are interested in settlement discussions prior to that time.

7. **TRIAL DATE**

The parties request a trial date certain due to the scheduling of expert witness testimony. It is anticipated that Plaintiff may call at least two expert witnesses and Defendant will likely call at least two experts. Therefore, in order the guarantee the availability of expert witnesses, a trial date certain is respectfully requested. The parties anticipate being ready for trial, if necessary, in February 2022.

8. **LENGTH OF TRIAL**

It is anticipated that trial will take approximately 7-8 days.

9. **OTHER MATTERS**

None at this time.

FREIWALD LAW, P.C.

By: *Laura E. Laughlin*
AARON J. FREIWALD, ESQUIRE
LAURA E. LAUGHLIN, ESQUIRE
Attorneys for Plaintiff

**PUBLIC JUSTICE**

*s/ Adele Kimmel*
ADELE KIMMEL, ESQUIRE
ALEXANDRA BRODSKY, ESQUIRE
ADRIENNE SPIEGEL, ESQUIRE
Attorneys for Plaintiff

**HENDRZAK & LLOYD**

By: _____
MAUREEN A. JORDAN, ESQUIRE
Attorney for Defendant

Dated: February 9, 2021